ALBRO
vs.
LAWSON.

Case 23.						Albro *vs.* Lawson.

ORD. PET					APPEAL FROM KENTON CIRCUIT.

1. In a suit upon a note, purporting to be lost, and plea of *non est factum* is relied on, one witness is sufficient to prove the execution of the note, and authorize a recovery.

2. A defect of parties should be relied on in the defendant's answer, otherwise it is to be regarded as waived. (*Code of Practice, section* 123.)

Lawson sued Albro, by ordinary petition, in the circuit court of Kenton, on a note, alledged to have been executed in 1846, for $97 97, due three months after date, alledged to be lost, which the petition alledges amounts to a sum exceeding $100, and for which plaintiff asked a judgment. Albro plead *non est factum,* and the case was submitted to the court, by consent of parties, without the intervention of a jury, and judgment rendered for the plaintiff.

*Moore & Wallace* for appellant -

Hugh Cracroft, the plaintiff's witness, proved that in 1846 he and plaintiff were partners in some timber, which they took to Cincinnati and sold to defendant, Albro; that he paid for it partly in money, and gave notes for the balance—one note to plaintiff and another to the witness; that he afterwards paid witness the amount of his note. He then told Albro that Lawson had lost his note, and asked him to pay, who said he would do so. The witness signs his name with his mark, and yet speaks of date of notes, when due, amounts, &c. Is he not interested? This is all the proof of the execution of the note. It is submitted to this court whether the testimony of this one witness, who signs his name by a cross, is competent to overturn the plea of *non est factum,* when there is no circumstance to corroborate his testimony.

The defendant proved that in 1846, he was in partnership with F. Walters, under the firm name of Henry Albro & Co., and that ever since he had been in good circumstances. This testimony is corroborated by both Wood and Perry. If the note supposed was ever given, it must have been the note of H. Albro & Co. And why was suit so long delayed—about ten years—when the money could at any time have been made? Upon what principle can the judgment be sustained? It is obviously erroneous.

*Bruce Porter* for appellee—

The judgment in this case being for less than one hundred dollars, exclusive of interest, the appeal must be dismissed. The clause of the Code of Practice giving jurisdiction to this court upon appeals, is exactly like the statute theretofore in force which was repeatedly construed by this court not to give jurisdiction, unless the amount of the judgment appealed from, exclusive of interest, amounted to one hundred dollars. If, however, the court should now entertain jurisdiction we think there can be no hesitation in affirming the judgment below upon the merits.

The sole question to be decided is, whether the testimony of one witness is sufficient as against an answer to authorize the judgment.

We contend that the rule which requires one witness and corroborating circumstances to overturn an answer is confined to cases of equitable jurisdiction, and that no such rule was ever applied at law.

The provisions of the Code which require the pleadings to be sworn to, have certainly not changed the law in this particular. The law is left as it was before the adoption of the Code.

It is impossible to give a reason why one witness should not be sufficient. The rule in chancery proceedings was said to have been established upon the ground that the answer of the defendant being sworn to and there being the oath of but one witness, it amounted to simply an oath against another oath

HARVARD LAW SCHOOL LIBRARY

ALBRO
*vs.*
LAWSON.

and, therefore, a chancellor could not undertake to say which was to be credited. The conscience of the defendant being appealed to, his answer was as much entitled to credence as the oath of any one witness. Such reasoning could not apply to the case under consideration. Here we have two oaths against one. The plaintiff swears to his petition and is sustained by a witnes , and there is opposed to these nothing but the denial of the defendant. But aside from all this, the court will remember that the judgment in this case, although submitted to the court below to decide the law and facts, *is to be regarded as the decision of a jury, whose verdict will not be disturbed by this court unless it is clearly against the evidence.* That there were not good grounds for the finding will not I apprehend be seriously contended, and the decisions of this court declining to disturb the finding of a jury unless manifestly against the evidence, are too familiar to require a reference. An affirmance of the judgment is therefore respectfully asked.

Judge SIMPSON delivered the opinion of the court:

1. In a suit upon a note, purporting to be lost, and plea of *non est factum* is relied on, one witness is sufficient to prove the execution of the note, and authorize a recovery.

The fact that Albro executed such a note, as the plaintiff set up and relied upon in his petition, is in our opinion fully established by the testimony. Upon a plea of *non est factum* by the defendant, it is incumbent on the plaintiff to prove the execution of the writing sued on, but there is no rule of evidence that requires the testimony of more than one witness for that purpose. And under the Code of Practice, the rule which required two witnesses or one witness and strong corroborating circumstances to overcome the denial contained in an answer in chancery, seems to have been changed, by the provision that the verification of the pleadings shall not make other or greater proof necessary on the side of the adverse party. But whether it is or not, is immaterial in this case, inasmuch as it is not an equitable action, but an action by ordinary proceedings.

The defendant did not alledge that he had paid the demand, and consequently it is not material whether he has been able to do it, or not, ever since the note was executed by him.

Nor is it material whether the note he executed was a partnership, or his individual note. In either case he was responsible for it, and the failure to sue the other partners, only amounted to a defect of parties, and as this ground of objection was not relied upon by the defendant in his answer, he must be deemed to have waived it. (*Code Practice sec.* 123.)

Wherefore, the judgment is affirmed.

2. A defect of parties should be relied on in the def'ts answer, otherwise it is to be regarded as waived. (*Code of Prac., sec.* 123.)